Mary E. Reading Glaister, a shareholder in the Plaza Building and Loan Association, filed exceptions to the trustees' final report and account. *Page 119 
The prior trustees in dissolution of the Association filed a bill tendering their resignations and submitting the trust to the jurisdiction of the court. Instead of accepting the trust under its inherent jurisdiction the court appointed trustees under the applicable statute relating to building and loan associations,R.S. 17:12-82 and vested the substituted trustees with all the rights, powers and privileges under R.S. 17:12-1, et seq. This was on notice to all of the shareholders including the exceptant. No appeal was taken from that order.
Thereafter the trustees liquidated the assets of the Association that had come into their possession and received the instructions of the court with respect thereto. These proceedings which were also on notice to the shareholders were never reviewed. The trustees having liquidated all of the assets, filed their final report and account pursuant to the statute quoted above, R.S. 17:12-87.1.
Exceptions were filed and dismissed because they were legally inadequate and on the court's own motion and order the exceptant was given leave to amend. Again a motion was made to strike the exceptions as amended. The amended exceptions to the accounting are divided into three parts:
(1) Fees and legal expenses paid to an attorney. The exceptant urges these were "improperly" paid since the trustees did not comply with rule 106 of the Court of Chancery. It was not charged that the fees paid were excessive. The rule referred to applies to the employment of counsel by receivers and does not apply to building and loan associations in liquidation under the statute. The trustees had the power to hire counsel under R.S. 17:12-83.
This exception is therefore without merit.
(2) The second exception charged that the trustees paid office rent at the rate of $20 per month and that the old trustees had paid only $10 a month. This exception seems to imply that $20 a month was excessive. An examination of the report and account, however, discloses that the accounting period was for eighteen months at the rate of $10 per month and that the exceptant had miscalculated the figures set forth therein. The trustees had a similar discretion to *Page 120 
rent an office under R.S. 17:12-83. This exception is utterly without merit and will be dismissed.
(3) Attorney's fee. This exception also deals with an attorney's fee and disbursements paid by the trustees. It again charges (a) That the trustees failed to comply with rule 106. This was discussed supra and this point falls for the reasons stated above. (b) That the trustees in filing the bill of complaint submitting the trust did not comply with rule 268 of the Court of Chancery in that they failed to give notice to each person of the time, place and object of the bill ten days prior to the application. The bill was a class bill and the cestuisque trust were too numerous to be made parties defendant thereto. Nevertheless the court directed notice to be given of the filing of the bill as will appear from the order. The order advised on the filing of the bill went to each shareholder including the exceptant. There was no denial by the exceptant that she had notice of the proceedings and had appeared by counsel. The exception based on the alleged violation of the rule is therefore without merit. (c) That the bill rendered by counsel is not completely itemized. The exceptions set forth in detail the bill which contains a broad itemization of services rendered. I know of no rule or decision which requires a more specific itemization. Apparently the bill met with the approval of the client who is the only one who might request an itemization. This exception is therefore without merit. (d) Here it is charged, but not very clearly, that the attorney obtained a discharge from liability by the prior trustees for negligence and that certain items should not have been paid. Those trustees had fully accounted for the period they were trustees and the items were included therein. The accounting was on notice to the shareholders of the Association, including the exceptant. After due consideration their account was approved on December 13th, 1940, and no appeal was taken from that order. This exception is intended to attack collaterally that order. The question is nowres judicata and the exception is without merit. It is noted here also that the exception nowhere charges that the services were not rendered or that the compensation is excessive; or that the services were not well performed. *Page 121 
The Commissioner of Banking and Insurance to whom the account was referred pursuant to the statute R.S. 17:12-87.1 reported on the accuracy thereof.
The exceptions being without merit the motion to strike must prevail and an order may be entered striking the exceptions.
The trustees' account will be approved.